UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS STEVEN FUNKHOUSER, | ) |
| Petitioner, | ) |
| v. | ) Case No. 20-CV-0337-CVE-CDL |
| SCOTT NUNN, Interim Warden,[1] | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Dennis Steven Funkhouser, a state inmate appearing pro se, brings this action to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-1983-2315. Before the Court is respondent's motion (Dkt. # 5) to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) as an unauthorized second or successive petition. Respondent filed a brief (Dkt. # 6) in support of the motion, and petitioner filed a response (Dkt. # 7) opposing the motion. On the record presented and on consideration of the parties' arguments and applicable law, the Court finds that the petition is an unauthorized second petition under 28 U.S.C. § 2244(b). The Court therefore dismisses the petition, without prejudice, for lack of jurisdiction.

---

[1] Petitioner is currently incarcerated at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. The Court therefore substitutes Scott Nunn, the JCCC's interim warden, in place of Rick Whitten, the JCCC's former warden, as party respondent. FED. R. CIV. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

**I.    Background**

In July 1984, a jury convicted petitioner of first degree burglary and first degree felony murder in the District Court of Tulsa County, Case No. CF-1983-2315. Dkt. # 6-1, at 1.[2] The state district court imposed sentences of 20 years' imprisonment and life imprisonment and ordered the sentences to be served consecutively. Id. In an unpublished opinion filed July 25, 1989, in Case No. F-85-70, the Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's judgment and sentence, as to the murder conviction, and reversed the judgment and sentence, as to his burglary conviction because the two offenses merged. Id. at 1, 8-9. Based on the reversal of the burglary conviction, the OCCA remanded the case to the state district court with instructions to dismiss the burglary conviction. Id. at 8-9.

Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the District Court for the Eastern District of Oklahoma on April 6, 1990. Dkt. # 6-3, at 3. In January 1991, after the case was transferred to the District Court for the Northern District of Oklahoma, petitioner filed a supplemental brief in support of the petition. Dkt. # 6-4. In an order filed September 18, 1991, in N.D. Okla. Case No. 90-C-1046-E, the district court adopted the magistrate judge's report and recommendation and denied the petition. Dkt. ## 6-5, 6-6. The district court later gave petitioner additional time to file objections to the report and recommendation and, on June 24, 1992, issued an order overruling petitioner's objections and reaffirming the denial of the petition. Dkt. # 6-7. Petitioner appealed the denial of his habeas petition, and the U.S. Court of Appeals for the Tenth

---

[2]   For consistency, the Court's record citations refer to the CM/ECF header page number located in the upper right-hand corner of the page.

Circuit affirmed the denial of habeas relief on February 3, 1993. Funkhouser v. Saffle, 986 F.2d 1427 (10th Cir. 1993) (unpublished), cert. denied 509 U.S. 926 (1993).

On March 20, 2018, petitioner, appearing pro se, filed a motion for an order nunc pro tunc in the District Court of Tulsa County. Dkt. # 1, at 3, 16-20. In the motion, petitioner noted that the OCCA reversed his burglary conviction in 1989, argued that the evidence was insufficient to sustain his murder conviction, and urged the court to order DNA testing on blood found on his belt buckle, claiming the test results would prove his innocence. Id. at 16-20. The state district court denied the motion on March 26, 2018. Id. at 29. On January 17, 2019, the state district court signed an order nunc pro tunc, agreed to by the State and petitioner, who then appeared through counsel. Dkt. # 1, at 40-41. In the order, the state district court found "that as the District Court previously failed to dismiss Count I in accordance with mandate from the [OCCA], Petitioner is entitled to an Order of Nunc Pro Tunc." Id. at 40-41. The order further stated, "All parties hereby agree that Count I must be dismissed, an Amended Judgment and Sentence is being issued on the date of this Order." Id. at 40. Pursuant to the order, the state district court filed an amended judgment and sentence on January 22, 2019, reflecting dismissal of the burglary conviction. Id. at 36-39; Dkt. # 6-2.

Petitioner filed an application for postconviction relief in state district court on December 23, 2019. Dkt. # 1, at 9, 43. The state district court denied the application on January 14, 2020, petitioner filed a postconviction appeal, and the OCCA filed an order on March 13, 2020, in Case No. PC-2020-177, declining jurisdiction and dismissing the appeal. Id. at 59, 63.

Petitioner filed the instant 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) on July 13, 2020. Petitioner identifies four grounds for relief. First, he asserts what he describes as a double jeopardy claim and appears to argue the evidence was insufficient to show that he was present

at the murder scene. Dkt. # 1, at 5. He alleges he raised this issue on direct appeal. Id. at 6. Second, petitioner appears to claim he is actually innocent and alleges a DNA test of blood found on his belt buckle, which the State alleged was used as a murder weapon, would prove his innocence. Id. at 7. He states that he raised this issue in a "motion to dismiss" filed March 19, 2019.[3] Id. Third, petitioner asserts that the Tulsa County District Court "lost jurisdiction of subject matter" and alleges, "petition in error PC-2020-177 failing to rule on postconviction." Id. at 8. He raised this issue in the application for postconviction relief he filed December 23, 2019. Id. at 9, 43. Fourth and finally, petitioner references a "motion to reconsider OCCA filed March 25, 2020 PC 2020-177" and alleges, without further explanation, "the need to correct a clear error or prevent manifest injustice." Id. at 10.[4] In his request for relief, petitioner seeks a "DNA test to prove that [he is] not guilty, therefore freedom, and compensatory and punitive compensation." Id. at 15.

**II.    Analysis**

Respondent moves to dismiss the habeas petition, arguing that this Court lacks jurisdiction because the petition is second or successive, within the meaning of 28 U.S.C. § 2244(b), and petitioner did not obtain prior authorization from the Tenth Circuit before filing the petition, as required by § 2244(b)(3)(A). Dkt. ## 5, 6. Petitioner objects to respondent's request for dismissal, asserting that he is actually innocent. Dkt. # 7, at 1-3. In his response to the dismissal motion,

---

[3]  With his petition, petitioner submitted a copy of an order, filed March 19, 2019, reflecting that the state district court dismissed his motion to dismiss. Dkt. # 1, at 23.

[4]  With his petition, petitioner submitted a copy of a "motion to reconsider" styled for filing in the OCCA and stamped as "received" on March 25, 2020. Dkt. # 1, at 69. The motion does not bear a stamp indicating it was filed on that date, or on any other date. Id.

petitioner also asks this Court to appoint counsel to represent him in this habeas action, to "[g]rant a DNA test," and to "set him free." Dkt. # 7, at 4.

The Court agrees with respondent that the instant petition is an unauthorized second petition and must be dismissed. Under § 2244(b), a federal district court generally must dismiss claims asserted in a second or successive § 2254 petition for writ of habeas corpus. In limited circumstances, the district court may consider claims presented in a second or successive § 2254 petition if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a "second or successive" habeas petition in federal district court, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the petition. Id. § 2244(b)(3)(A). If the court of appeals authorizes the filing of a second or successive petition, the district court must then consider whether the individual claims asserted in the petition must be dismissed under § 2244(b). Case v. Hatch, 731 F.3d 1015, 1026-27 (10th Cir. 2013).

Here, the record is clear that the instant petition is petitioner's second § 2254 petition; he filed his first petition more than 30 years ago. And nothing in the record shows that petitioner either sought or obtained authorization from the Tenth Circuit before filing the instant petition. But the U.S. Supreme Court has held that not all second-in-time habeas petitions are "second or successive" within the meaning of § 2244(b). See Magwood v. Patterson, 561 U.S. 320, 332 (2010) (stating that "it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time'" (alteration in original) (quoting Panetti v. Quarterman, 551 U.S. 930, 944 (2007))). The Magwood Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." Id. at 333. Thus, the Magwood Court concluded, "where . . .

5

there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive' at all." Magwood, 561 U.S. at 341-42 (quoting Burton v. Stewart, 549 U.S. 147, 156 (2007)); see also id. at 338 (explaining that "the existence of a new judgment is dispositive" on the issue of whether a second or successive § 2254 petition is "second or successive" under § 2244(b)). In Magwood, the habeas petitioner was convicted of murder and sentenced to death. Id. at 323. After unsuccessfully challenging his judgment and sentence in state court, through a direct appeal and postconviction proceedings, the petitioner filed a federal habeas petition challenging both his conviction and his sentence. Id. The federal district court conditionally granted the writ as to the sentence. Id. Pursuant to the conditional writ, the state trial court conducted a new sentencing hearing and again imposed the death penalty. Id. The petitioner filed a second federal habeas petition challenging his new sentence and the federal district court granted a conditional writ, finding constitutional defects in the new sentence. Id. The Court of Appeals for the Eleventh Circuit reversed the district court order granting relief, concluding "that [the petitioner's] challenge to his new death sentence was an unreviewable 'second or successive' challenge under 28 U.S.C. § 2244(b) because he could have mounted the same challenge to his original death sentence." Id. The Supreme Court disagreed, holding that the petitioner's "resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." Id. at 331. The Magwood Court reasoned, in part, that it was "especially clear" that the petitioner in that case was challenging a new judgment because "the state court conducted a full resentencing and reviewed the aggravating evidence afresh." Id. at 339.

This case, however, is different.  Here, the state district court entered a judgment and sentence against petitioner in 1984.  Five years later, he OCCA upheld petitioner's murder conviction and his life sentence, reversed his burglary conviction based on the merger doctrine, and remanded with instructions for the state district court to dismiss the burglary conviction.  The state district court failed to amend the judgment and sentence to reflect the dismissal of the burglary conviction until nearly 30 years later, on January 22, 2019, when it did so pursuant to an agreed order for nunc pro tunc.  Under Oklahoma law, a nunc pro tunc order "may neither be invoked as a vehicle to review a judgment (or to excise legal errors found in it) nor as a means to enter a different judgment."  Stork v. Stork, 898 P.2d 732, 737 (Okla. 1995).  Thus, in this case, the entry of the amended judgment and sentence did not create a new judgment similar to the new judgment in Magwood.

Further, as respondent argues, the OCCA's 1989 remand for dismissal of the reversed burglary conviction "was purely ministerial."  Dkt. # 6, at 6; see Burrell v. United States, 467 F.3d 160, 164 (2d Cir. 2006) ("A 'ministerial' duty is one that 'involves obedience to instructions or laws instead of discretion, judgment, or skill.'" (quoting Black's Law Dictionary 1017 (8th ed. 2004))). In Burrell, the U.S. Court of Appeals for the Second Circuit discussed the mandate rule in determining when a federal defendant's judgment became final when the appellate court affirmed the defendant's conviction on one charge but vacated his conviction on a second charge "because it was a lesser included offense of the [other] conviction."  467 F.3d at 162.  The Second Circuit noted that its mandate instructed the federal district court to "correct the judgment to reflect the dismissal of only the [vacated] conviction."  Id.  As relevant here, the Second Circuit concluded its remand order was "ministerial" because it "directed the district court to undertake a single non-

discretionary act," namely, the entry of a corrected judgment reflecting the dismissal of a vacated conviction, and it "foreclosed the district court from modifying" the conviction and sentence the Second Circuit had affirmed on appeal. Burrell, 467 F.3d at 165-66.

Because the facts in this case are more analogous to those in Burrell than they are to those in Magwood, the Court agrees with respondent that petitioner cannot rely on the amended judgment and sentence to avoid § 2244(b)'s "second or successive" bar. As a result, petitioner was required to obtain authorization from the Tenth Circuit before filing the instant petition. 28 U.S.C. § 2244(b)(3)(A). And, as previously stated, nothing in the record demonstrates that petitioner did so. The Court thus finds that the petition is an unauthorized second petition and that the petition should be dismissed, without prejudice, for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").

The Court recognizes that it has discretion to transfer this matter to the Tenth Circuit as an alternative to dismissal. See Cline, 531 F.3d at 1252; 28 U.S.C. § 1631. Nonetheless, the Court agrees with respondent that the failure to transfer this matter will not place petitioner at risk of losing any potentially meritorious claims. See Cline, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). Petitioner's first ground for relief appears to allege a double jeopardy violation and challenge the sufficiency of the evidence to support his murder conviction. But this court denied habeas relief when petitioner asserted these same challenges in his first § 2254 habeas petition. Dkt. ## 6-5, 6-6, 6-7. In his second ground for relief, petitioner seeks DNA testing to prove his actual innocence. But neither his assertion of actual

8

innocence nor his request for DNA testing presents a cognizable habeas claim. See Skinner v. Switzer, 562 U.S. 521, 525 (2011) (holding "that a postconviction claim for DNA testing is properly pursued in a § 1983 action" rather than a federal habeas action because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive" and "[i]n no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody'" (quoting Wilkinson v. Dotson, 544 U.S. 74, 81 (2005))); Herrera v. Collins, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Lastly, petitioner's third and fourth grounds for relief, liberally construed, appear to allege that due process violations occurred during his most recent state postconviction proceeding. But even if true, these allegations would not support cognizable habeas claims because the alleged violations do not collaterally attack his state-court judgment. See Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (noting that "no constitutional provision requires a state to grant post-conviction review" and concluding that "because the constitutional error [the petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim"). For these reasons, the Court concludes that the petition should be dismissed, without prejudice, rather than transferred.

In addition, because the Court finds that reasonable jurists would not debate the procedural dismissal of petitioner's unauthorized second petition, the Court declines to issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall **note** on the record the substitution of Scott Nunn, the JCCC's interim warden, in place of Rick Whitten, the JCCC's former warden, as party respondent.

2. Respondent's motion to dismiss (Dkt. # 5) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** as an unauthorized second petition.

4. Petitioner's request for appointment of habeas counsel is **dismissed as moot**.

5. A certificate of appealability is **denied**.

6. A separate judgment shall be entered in this matter.

**DATED** this 16th day of November, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE